JOHN T. DICKINSON ET AL., PROSECUTORS, v. H. EDWIN BUSCH, INSPECTOR OF BUILDINGS, ETC., ET AL., DEFENDANTS.

Submitted October 4, 1938—Decided February 6, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *McDonough & McDonough* and *Merritt Lane.*

For the defendants, *William Newcorn.*

The opinion of the court was delivered by

DONGES, J. *Certiorari* was allowed to review the action of defendant, building inspector of Plainfield, in revoking a permit to install "three one-thousand gallon gasoline tanks and two dual gasoline pumps connected therewith on premises of said prosecutors at 620-630 Park avenue, in the city of Plainfield, and in demanding the removal of said pumps forthwith and the removal of said tanks within ten days."

The permit was granted June 4th, 1934, and was revoked on or about June 6th, 1938. The application for the permit was made to the building inspector at the same time and in

connection with the application made to him and the granting by him of a permit to alter the premises in question for use as a gasoline service station. This latter permit was revoked by the Board of Adjustment whose action was sustained on certiorari. *Dickinson et al.* v. *Plainfield,* 13 *N. J. Mis. R.* 260; *affirmed,* 116 *N. J. L.* 336. A subsequent application therein and the action thereon is dealt with in *Dickinson et al.* v. *Plainfield et al.,* 122 *N. J. L.* 63.

The permit in the case presently pending involved installation of tanks and pumps in that portion of the building held to be restricted against the use as a gasoline service station, at least, the two pumps are located in that portion of the building.

From the record it appears that the defendant and others interested were restrained by the Court of Chancery from interfering with the completion of alterations and conducting the business of gasoline service station from June 27th, 1934, to May 15th, 1938, when the restraint was dissolved. Defendant in his testimony says that revocation was delayed by the injunction and that, otherwise, he would have given notice of revocation immediately upon the determination of the Board of Adjustment revoking the permit to alter the building.

It has been settled in the prior proceedings that the prosecutors do not have the right to use the Park avenue section of the building as a gasoline service station and we are not now concerned with that question. The naked question here involved is as to the right of defendant to revoke a permit for the installation of the tanks and pumps.

"An Ordinance Regulating the Storage and Sale of Flammable Volatiles," adopted by the common council of Plainfield on December 16th, 1929, and approved by the mayor the same day, provides in section 2 for permits for the installation of tanks and pumps for the *storage* and *handling* of flammable volatiles. Section 8 provides for a permit for the *sale, storage or distribution* of such volatiles. The application for a permit in this case does not ask for permission to sell but only for the installation of tanks and pumps. It is conceiv-

able that storage and handling would not involve gasoline service to the public. It is not necessary, however, to now determine the extent to which the facilities may be used. The question is as to the power of defendant to revoke the permit granted.

The defendant assumed the power to revoke, while admitting that the ordinance gave no such power.

We conclude that the issuance of the permit for the installation of pumps and tanks for storage was within the competence of defendant and that he was without power to revoke it (*Freeman* v. *Hague,* 106 *N. J. L.* 137) ; at least without a hearing. Nor does the fact that the approval endorsed on the application by the defendant contained the words "This permit may be revocable at any time by the Inspector of Buildings" in anywise alter the situation.

The action of the defendant in setting aside the permit in question is set aside.